# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ASH, an individual,<br><br>                              Plaintiff,<br><br>   vs.<br><br>HSBC BANK USA, N.A.; DOES 1-10, inclusive,<br><br>                              Defendants. | CASE NO. 11cv1388-LAB (BLM)<br><br>**ORDER DENYING EX PARTE MOTION TO STAY EVICTION** |

    Plaintiff Mark Ash has filed a second ex parte motion to stay his eviction from his Encinitas home. His underlying wrongful foreclosure lawsuit seeks essentially the same — as well as other relief — so the Court construes the ex parte motion as a request for a preliminary injunction. That means Ash "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). Because Ash cannot show that he is likely to succeed on the merits, the motion is **DENIED**.

    Ash admits that he lost an unlawful detainer case in state court, and that as a result HSBC Bank was awarded possession of his home. He admits that, while that case was pending, he unsuccessfully sought a stay of eviction on hardship grounds. He admits that he filed for bankruptcy to stay the eviction proceedings, and that HSBC was granted relief

from the bankruptcy stay. Ash filed the present lawsuit, apparently, as a last resort. But with his record to date, it's difficult to see how he is likely to prevail on the merits of this case such that the Court should stay his eviction. His argument, to the extent the Court can make it out, is that the *foreclosure* on his home was unlawful, and that it was not at issue in the unlawful detainer trial at which HSBC prevailed. (Mr. Ash also claims that his trial counsel was ineffective, for neglecting to serve a verified complaint challenging the foreclosure sale *and* for not raising the fact that HSBC was under an order from the Government to cease all unlawful detainer proceedings.)

This is almost certainly false. As HSBC shows, to prevail in the unlawful detainer case it had to prove the foreclosure on Ash's home was legitimate. A special jury instruction read, "HSBC must prove that it is the owner of the property located at 531 Hermes Avenue in Encinitas, CA 92024 by purchase at a properly conducted foreclosure sale." (Piccuta Decl., Ex. A.) The instruction continued with the elements of a properly conducted sale, which are

> 1. that the foreclosure trustee recorded and mailed by certified mail a notice of default;
> 2. then waited 90 days and then published in a newspaper for three successive weeks, posted in plain view on the property and mailed the notice of sale by certified mail at least 20 days before the sale and also recorded the notice of sale at least 14 days before the sale;
> 3. HSBC must also show that the foreclosure trustee recorded and mailed by certified mail a Substitution of Trustee prior to the recording of the Notice of Sale;
> 4. HSBC must then show that it purchased the property at the foreclosure sale.

(*Id.*) To the extent Ash now alleges defects in the foreclosure process, he had a jury trial on those defects and lost. This forecloses any possibility that his present lawsuit is *likely* to succeed on the merits, and it is, by itself, a sufficient basis to deny his ex parte motion to stay his eviction.

//
//
//
//

A motion to dismiss Ash's complaint is scheduled for a hearing on September 26, 2011. Ash is entitled to a full consideration of his arguments then, and if he prevails, he may eventually be entitled to a trial. But it is only then that Ash can possibly obtain the relief he seeks. His ex parte motion for an immediate stay of his eviction is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 23, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge